**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MABEL JOHNSON**                                                                                          **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 2:01CV147-P-B**

**DELTA HOUSING DEVELOPMENT,**
**et al**                                                                                                 **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion for Rule 54(b) Certification of Order and Judgment [131] and her Motion to Set Aside Order of Dismissal of Defendant United States of America and Order of Remand to Chancery Court [132]. The Court, having reviewed the motion, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

On March 28, 2005, this Court entered its an opinion and order granting defendants' motion for partial summary judgment on the issue of adverse possession.

On April 11, 2005, the United States filed a motion seeking dismissal as a party defendant and remand of the case to the Bolivar County Chancery Court. On April 13, 2005, this Court entered its Order granting the government's motion to dismiss and remanding the claims against the remaining defendants to state court.[1] Thereafter, on November 3, 2005 and November 21, 2005, the plaintiff filed the instant motions seeking Rule 54(b) certification and relief under Rule 60(b).

I.     Government's Objections

The United States objects to the relief sought therein on three principal grounds: 1) the Court

---

[1] On the same day, plaintiff filed an objection to the government's motion, indicating her desire to preserve certain issues for appellate review.

has no authority to grant Rule 54(b) certification subsequent to the filing of a Notice of Appeal; 2) the Court's April 13, 2005 Order remanding the case to state court divested the Court of all jurisdiction altogether; 3) the doctrine of laches applies to bar the relief sought by plaintiff.

The Court has considered the relief requested by plaintiff, as well as the objections raised by the government. Plaintiff's failure to obtain a Rule 54(b) certification prior to filing her Notice of Appeal is not "fatal" to the relief sought by the present motion. St. Paul Mercury Ins. Co. v. Fair Grounds, 123 F.3d 336, 338 (5th Cir. 1997)(holding that a premature notice of appeal is effective if Rule 54(b) certification is subsequently granted).

As a further matter, the entry of the Court's April 13, 2005 Order remanding the remaining claims to state court for further adjudication is not a bar to this Court's consideration of the instant motions. As a matter of informal practice, this Court delays the transmission of a certified copy of remand orders, as well as the official court record, to the state court, for a period of ten (10) days in order to permit the filing of motions to reconsider and/or notices of appeal in appropriate cases.

The docket entries in this case do not reflect that either a certified copy of the remand order or the official record were returned to the Bolivar County Chancery Court. In fact, the opposite appears to be true with regard to the official court record, inasmuch as a later docket entry indicates that the Clerk's Office certified and transmitted the appeal record to the Fifth Circuit on July 25, 2005. As a further matter, personnel in the Bolivar County Chancery Clerk's confirmed that the court file maintained by the state court does not contain a copy of the remand order–certified or otherwise.

This is, no doubt, due to the fact that plaintiff filed her Notice of Appeal on April 19, 2005, only four (4) business days after entry of the Court's April 13, 2005 Order. Because plaintiff filed the Notice of Appeal before to the ten (10) day window expired, the Clerk's Office did not transmit

a certified copy of the April 13, 2005 remand order to the state court and the remand order never took effect. Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984) ("The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court."). See also Bucy v. Nevada Construction Co., 125 F.2d 213 (9th Cir. 1942)(district court could review and set aside its own erroneous remand order before filing of certified copy of order in state court because remand order is not self-executing); Federal Deposite Insurance Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) ("Once a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action."). Because the remand order never took effect, this Court retains jurisdiction to consider the instant motions.

As a final matter, the Court finds that the defendant cannot demonstrate the degree of prejudice necessary to sustain its laches argument. Goodman v. Lee, 78 F.3d 1007 (5th Cir. 1996).

II.     Motion for Relief Under F.R.C.P. 60(b)

Plaintiff seeks the entry of an Order setting aside this Court's April 13, 2005 Order dismissing the United States and remanding the case to state court. Inasmuch as the remand was never effected, see Section I. supra, the relief requested by plaintiff would appear to be in order without need for further explanation. In the alternative To the extent that the Court need consider the substance of plaintiff's motion, the Court finds as follows:

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

It is no longer equitable that the April 13, 2005 Order apply inasmuch as the application

would operate to preclude plaintiff from perfecting her appeal to the Fifth Circuit and thereby obstruct her efforts to obtain review of this Court's order of partial summary judgment entered March 28, 2005. The defendant will be free to resubmit its Motion to Dismiss and to Remand should the Fifth Circuit affirm this Court's decision on the matters pending on appeal.

III.     Motion for Rule 54(b) Certification

Rule 54(b) permits "the entry of a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." This Court's March 28, 2005 Opinion and Order granting summary judgment to the United States is proper for certification as a final judgment under Rule 54(b). Plaintiff's complaint seeks relief for trespass to property. The Court previously adjudicated her right to recovery for trespass to land to which plaintiff holds clear record title. The Court's March 28, 2005 Order disposed of plaintiff's sole remaining claim for trespass to adjacent land which she claims by adverse possession. Accordingly, the Court finds that there is no just reason for delay and hereby directs the entry of final judgment as to the Court's March 28, 2005 Order granting the defendant's Motion for Summary Judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Set Aside Order of Dismissal of Defendant United States of America and Order of Remand to Chancery Court [132] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the Court's April 13, 2005 Order [122] is hereby VACATED. IT IS FURTHER ORDERED that the plaintiff's Motion for Rule 54(b) Certification of Order and Judgment [131] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this Court's Order entered March 28, 2005 is hereby CERTIFIED AS FINAL for purposes of appeal in accordance with F.R.C.P. 54(b).

SO ORDERED, this the 22nd day of February, 2006.

                                                                          <u>/s/ W. Allen Pepper, Jr.</u>
                                                                          W. ALLEN PEPPER, JR.
                                                                          UNITED STATES DISTRICT JUDGE